UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

MUHAMMAD T. MIR, SALMAN RIAZ,
and ROCKAWAY COMMUNITY CARE CORP.,
d/b/a REX PHARMACY,

                      Plaintiffs,

                v.

ABDUL NAZ,

                      Defendant.

**MEMORANDUM & ORDER**
21-CV-6340 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        On October 5, 2021, Plaintiffs Muhammad T. Mir, Salman Riaz, and Rockaway Community Care Corp, doing business as Rex Pharmacy (the "Pharmacy"), commenced a conversion, breach of contract, and breach of fiduciary duty action against Defendant Abdul Naz in New York State Supreme Court, Queens County.  (State Ct. Compl., annexed to Notice of Removal, Docket Entry No. 1-2.)  On November 15, 2021, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, seeking to remove the action to the Eastern District of New York.  (Notice of Removal, Docket Entry No. 1.)  Defendant alleged that the Court had original jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1961, *et seq*. based on the federal counterclaim asserted in his answer.  (*Id.* at ¶ 6.)

        On November 23, 2021, Plaintiffs filed an emergency motion to remand the action to state court.  (Pls.' Mot. to Remand to State Court ("Pls.' Mot."), Docket Entry No. 6.)  By Order dated November 23, 2021, the Court directed Defendant to show cause why the Court should not remand the action to state court for lack of jurisdiction, (Order dated Nov. 23, 2021), and Defendant responded to the Court's Order, (Def.'s Decl. in Opp'n to Pls.' Mot. to Remand to

State Court ("Def.'s Decl."), Docket Entry No. 8). The Court has reviewed Defendant's response and the Notice of Removal.

As more fully explained below, the Court lacks jurisdiction and remands the action to the New York State Supreme Court, Queens County.

**I. Background**

On October 5, 2021, Plaintiffs commenced an action against Defendant in state court, disputing Defendant's claim of sole ownership of the Pharmacy and contesting Defendant's decision to physically lock Plaintiffs out of the business. (State Ct. Compl. ¶¶ 30, 37, 39–43.) On November 15, 2021, Defendant filed a Notice of Removal to remove the action to the Eastern District of New York, asserting federal question jurisdiction based on his counterclaim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* (Notice of Removal ¶ 6.)

On November 23, 2021, Plaintiffs requested leave to move to remand the case to state court, stating that Defendant was violating various restraints that the presiding state court judge had entered by an Order to Show Cause in order to protect the viability of the Pharmacy. (Pls.' Mot. 1.)

On November 23, 2021, the Court directed Defendant to show cause why the Court should not remand the action to state court, noting that the Court did not have jurisdiction on the basis of Defendant's RICO counterclaim. (Order dated Nov. 23, 2021.)

On November 30, 2021, Defendant responded to the Court's Order, first acknowledging that he was unaware that he could not remove the action on the basis of his counterclaim, and then arguing that the Court should nevertheless decline to remand the action to state court because the Court can exercise jurisdiction on the basis of diversity. (Def.'s Decl. ¶¶ 1–2.)

Defendant contends that the Court has diversity jurisdiction because (1) Defendant is a citizen of New York, (2) Riaz is a citizen of New Jersey, (3) Mir is a citizen of New Jersey, and (4) the amount in controversy is in excess of $750,000. (*Id*. at ¶¶ 4,8.) As to the Pharmacy Plaintiff, Defendant contends that Plaintiffs only included the Pharmacy "[i]n an apparent attempt to defeat diversity jurisdiction," and further contends that the Pharmacy is "a New York corporation" that Plaintiffs "do not own." (*Id.* ¶ 5.) Defendant argues that based on the response to his Freedom of Information Law request, he has learned that Plaintiffs have "affirmatively disclaimed ownership" of the Pharmacy in at least two sworn filings with the New York State Education Department, which includes the State Board of Pharmacy. (*Id.* ¶¶ 10,12.) Defendant notes that in these filings, Plaintiffs have attested that they have a "financial or ownership interest" in People's Drug Rx Inc., Rex Specialty Pharmacy Corp., and Peekskill Pharmacy Inc., but not the Pharmacy. (*Id.* ¶¶ 13–21.) Defendant argues that because Plaintiffs have "disclaimed such ownership under oath, on at least two separate occasions," Plaintiffs' inclusion of the Pharmacy is "nothing more than a cynical ploy to defeat diversity jurisdiction." (*Id.* ¶ 23.)

## II. Discussion

### a. The Court lacks jurisdiction over this action

Because Defendant's Notice of Removal invokes the Court's jurisdiction based on his RICO counterclaim and does not assert diversity jurisdiction, the Court lacks subject matter jurisdiction over this action.

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441 to 1445. *See Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021). "[In] determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal." *Id.* (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir.


2007)); *New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))). A defendant may remove a civil action brought in state court to a federal court in "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court is required to evaluate "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). However, the Supreme Court has held that "[a] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Id.* (quoting *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)); *see Sea Gate Ass'n v. Krichevsky*, 18-CV-3408, 2019 WL 8587287, at *6 (E.D.N.Y. June 21, 2019) ("Notably, a defendant cannot 'evade [the well-pleaded complaint] rule by raising a federal question in its responsive pleadings and attempting to remove on that basis.'" (quoting *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (per curiam)) (alteration in original)); *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 372 (E.D.N.Y. 2014) ("Under the 'well-pleaded complaint rule,' federal jurisdiction is present only if a question of federal law appears on the face of the [complaint] . . . requiring a court to ignore any and all answers, defenses, and counterclaims.").

The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 647 (Fed. Cir. 2015) ("Where, as here, the defendant asserts federal jurisdiction in a removal petition,

4

the defendant has the burden of establishing that removal is proper."); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").

### i. Defendant cannot remove this action based on his counterclaim

In his removal petition, Defendant contends that the Court has jurisdiction over this matter based on his RICO counterclaim. However, because a party cannot remove an action from state court to federal court based on a counterclaim, *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1748, it does not provide the Court with subject matter jurisdiction over this action.

### ii. Defendant did not assert jurisdiction based on diversity in the Notice of Removal

Although Defendant now claims that the Court has jurisdiction over this action based on diversity jurisdiction, because he does not assert diversity jurisdiction as a ground for jurisdiction in his Notice of Removal, the Court cannot exercise subject matter jurisdiction on this basis. *See Bernadin v. Am. Airlines, Inc.*, 08-CV-1774, 2009 WL 1910964, at *3 (E.D.N.Y. July 1, 2009) (remanding case where defendant belatedly sought to amend notice of removal to include a ground for jurisdiction not asserted in notice of removal). In his Notice of Removal, Defendant alleges that the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1961, *et seq*. (Notice of Removal ¶ 7.) Defendant makes no reference to 28 U.S.C. § 1332 or to the diversity of the parties, as is required for the Court to exercise jurisdiction on that basis. *See Agyin*, 986 F.3d at 181 ("[In] determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal." (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d at 124)); *Bernadin*, 2009 WL 1910964, at *3 ("Defendant made a strategic decision not to rely on federal question jurisdiction in its notice of removal and may not now claim that federal jurisdiction is premised on the same."). "[S]tatutory procedures for removal

5

are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), therefore, any doubts must be resolved against removability. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d at 124.

Because Defendant's Notice of Removal fails to set forth diversity of citizenship as a ground for removal, Defendant "cannot later rely on th[is] ground[] in arguing for the exercise of jurisdiction by a federal court." *Margaritis v. Mayo*, No. 20-CV-3995, 2021 WL 3472695, at *5 (E.D.N.Y. Aug. 6, 2021) (citing *Lupo v. Hum. Affairs Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

Accordingly, the Court lacks subject matter jurisdiction over this action.

### iii. The Court lacks complete diversity

Even assuming Defendant had properly alleged diversity jurisdiction in his Notice of Removal, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is a lack of complete diversity, as both Defendant and the Pharmacy are located in New York, (State Ct. Compl. ¶ 3), and the Pharmacy is incorporated in New York, (Def.'s Decl. ¶ 5). *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014).

In arguing that the Court has diversity jurisdiction, Defendant contends that Plaintiffs "affirmatively disclaimed ownership" of the Pharmacy in at least two separate sworn filings, and therefore, the Court should not consider the Pharmacy in evaluating the citizenship of the parties. (Def.'s Decl. ¶ 10.)

The doctrine of fraudulent joinder permits courts to overlook the presence of non-diverse parties if they were fraudulently joined in an effort to defeat federal jurisdiction. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (explaining that the doctrine of fraudulent joinder prohibits a plaintiff from defeating diversity jurisdiction by

improperly joining a nondiverse defendant "with no real connection to the controversy"). To establish that a party has been fraudulently joined, the party asserting jurisdiction must demonstrate, by clear and convincing evidence, either (1) "outright fraud" in the plaintiff's pleadings or (2) that there is "no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *see also Bounds*, 593 F.3d at 215; *Gerbo v. Kmart Corp.*, No. 14-CV-4866, 2015 WL 6691603, at *2 (E.D.N.Y. Nov. 3, 2015) ("A defendant must establish by clear and convincing evidence that a plaintiff's pleadings contain some false set of facts in order to prove fraud in the pleadings." (citing *B.N. ex rel. Novick v. Bnei Levi, Inc.*, No. 12-CV-5057, 2013 WL 168698, at *3 (E.D.N.Y. Jan. 15, 2013))); *Bnei Levi, Inc.*, 2013 WL 168698, at *2. "Although most frequently applied to the joinder of unnecessary defendants, the fraudulent joinder doctrine also requires the court to disregard the presence of a plaintiff who is not a 'real party in interest.'" *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000) (quoting *Blakeman v. Conroy*, 512 F. Supp. 325, 327 (E.D.N.Y. 1981)); *see MBIA Ins. Corp v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 388 (S.D.N.Y. 2009) (citing *Blakeman*, 512 F. Supp. at 327 (noting that "the presence of a non-diverse plaintiff may be ignored if it is not a real party in interest")).

Defendant has not met his burden of demonstrating fraudulent joinder by clear and convincing evidence. Defendant argues that because Plaintiffs attested to a financial or ownership interest in Rex Specialty Pharmacy Corp., People's Drug Rx Inc., and Peekskill Pharmacy Inc., and further attested that they had no ownership interest in any other pharmacy, Plaintiffs are committing fraud by including the Pharmacy as a plaintiff. (Def.'s Decl. ¶¶ 12–21.) These assertions are insufficient to demonstrate that Plaintiffs have no ownership interest in

the Pharmacy. Plaintiffs allege that they have a combined interest of 75% in the Pharmacy. (State Ct. Compl. ¶ 2.) The fact that at some time prior to commencing the action Plaintiffs denied any ownership interest in any pharmacy other than Peoples Drug Rx Inc., Rex Specialty Pharmacy Corp., and Peekskill Pharmacy Inc., in state filings, is insufficient to demonstrate that Plaintiffs fraudulently joined the Pharmacy as a plaintiff in this action. *See Bnei Levi*, 2013 WL 168698, at *4 (remanding case because the "defendants' assertions contradicting the allegations in the complaint merely create a question of fact and do not rise to the level of clear and convincing evidence of fraudulent joinder"). Thus, because the parties are not completely diverse, the Court lacks diversity jurisdiction.

Accordingly, the Court remands the action to state court.[1]

### III. Conclusion

For the foregoing reasons, the Court remands the action to the Supreme Court of the State of New York, Queens County. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the New York Supreme Court, Queens County, and to close this case.

Dated: December 6, 2021
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　　　SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　　　　　s/ MKB
　　　　　　　　　　　　　　　　　　　　　　　MARGO K. BRODIE
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] The parties submitted additional letters supporting their respective positions; Plaintiffs argue that as a citizen of New York, Defendant cannot remove this action, and Defendant argues that he was not properly served. (*See* Pls.' Reply, Docket Entry No. 9; Def.'s Reply, Docket Entry No. 10.) Because the Court remands the matter for the reasons stated above, it declines to consider these additional arguments.